IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARRIE SNELSON,

                Plaintiff,

v.

MENDOTA MENTAL HEALTH INSTITUTE
and GREEN COUNTY,

                Defendants.

OPINION and ORDER

22-cv-652-jdp

---

    Plaintiff Carrie Snelson, appearing pro se, is currently committed at Mendota Mental Health Institute and she has filed a lawsuit seeking to review that commitment. Snelson seeks leave to proceed in forma pauperis with her lawsuit and the court has already concluded that she may proceed without any prepayment of the filing fee.

    Snelson's pleading is titled "Notice of Intent to Sue and Complaint for Judicial Review & Other Relief," Dkt. 1, and she has also filed a document titled "Notice of Threat of Imminent Harm and Great Bodily Injury," Dkt. 2. Those two documents mostly contain recitations of legal theories and they are short on facts detailing exactly what defendants are doing to violate her rights. But from her allegations and the docket of the underlying criminal case, Green County No. 2021CF176,[1] I take her to be alleging that she was involuntary committed under Wis. Stat. § 971.14 by a state-court judge for the purposes of rendering her competent to face criminal charges against her, and that under that order, staff is treating her with medication against her will.

---

[1] *See* http://wcca.wicourts.gov.

Snelson's pleading is styled as a civil-rights complaint under 42 U.S.C. § 1983, but she is really asking for review of the state circuit court judge's ruling that she be committed and treated with medication. Those types of allegations belong in a petition for writ of habeas corpus instead of a civil-rights lawsuit. So I will dismiss this case without prejudice. *See Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) ("[w]hen a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice," rather than convert it into a petition for habeas corpus).

Ordinarily, I would tell someone who misfiles habeas claims in a civil-rights lawsuit that they can refile those claims in a habeas petition if they wish. But in this instance, Snelson should not do so because it would be futile. This federal court cannot consider her habeas claims until she first attempts to resolve the problem in the state-court system, either by appealing the commitment order or filing a petition for a supervisory writ with the Wisconsin Court of Appeals. *See, e.g.*, *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) ("Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally [available] . . . only after the petitioner has exhausted state-court remedies."); *Newhouse v. Beth*, No. 19-CV-345-PP, 2021 WL 857526, at *10 (E.D. Wis. Mar. 8, 2021) (discussing appellate options for petitioner involuntarily committed on competency grounds).

ORDER

IT IS ORDERED that:

1. This case is DISMISSED without prejudice.

2. The clerk of court is directed to enter judgment accordingly and close this case.

Entered November 17, 2022.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge